IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID L. HOFFMAN, #28353, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 15-cv-00371-NJR ) |
| WOOD RIVER, IL POLICE DEPT., OTIS STEWARD, BRADY GREENE, J. TIMMINS, SGT. SABOLO, and THOMAS E. KOCHAN, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff David L. Hoffman, a pretrial detainee at the Madison County Jail in Madison County, Illinois, brings this *pro se* civil rights action against the Wood River Police Department and several of its employees pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that Wood River officials violated his constitutional rights on March 11, 2014, by executing a search warrant at his residence while he was gone, seizing his personal property, and seizing a vehicle that he inherited from his father (Doc. 1). Plaintiff seeks monetary damages for the unlawful search and seizure and due process violations that allegedly resulted (Doc. 1, pp. 15-16). He also seeks preservation and return of the property pending the outcome of his criminal case.

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). When reviewing the allegations in light of this standard, the Court finds that the complaint survives preliminary review.

### The Complaint

On March 11, 2014, several officers from the Wood River Police Department executed a search warrant at Plaintiff's residence, which is located at 979 East Acton in Wood River, Illinois (Doc. 1, p. 7). Plaintiff was not present during the search. The following property was seized: a Vizio television, a Sanyo television, a Magnavox television, a PlayStation 3, a gold Rolex watch, priceless oil paintings, ten gold coins, clothes, tools, a toolbox, and jumper cables (Doc. 1, p. 8). In addition, Wood River officials seized a 1994 Lincoln Town Car that was registered in the name of Plaintiff's deceased biological father, David M. Hoffman, and parked on a public street (Doc. 1, p. 9).

Following the search of Plaintiff's residence and seizure of this property, multiple felony warrants were issued for Plaintiff's arrest, in connection with his alleged participation in an illegal cannabis growing operation. When Plaintiff learned about the warrants on March 13, 2014, he immediately turned himself in to the Madison County Sheriff's Department. Plaintiff has been detained at the Madison County Jail awaiting the final disposition of his criminal case ever since (Doc. 1, p. 10).

Pertinent to this action, Plaintiff claims that he never received proper notification regarding the seized property, such as an inventory of the items that were taken (Doc. 1, pp. 10, 18-19). His criminal defense attorney repeatedly attempted to obtain this information without success. Although the complaint is far from clear, it appears that Plaintiff eventually secured the information in response to a Freedom of Information Act ("FOIA") request that he submitted on

March 10, 2015 (Doc. 1, pp. 12, 29).  Documents that appear to be responsive to this request are included with the complaint.

The documentation includes a Notice of Seizure for Forfeiture, which lists the televisions and PlayStation 3, and provides notice of a preliminary hearing on March 27, 2014 (Doc. 1, p. 32).  An Affidavit in Support of Forfeiture signed by Officer Brady Greene on March 11, 2014, lists the same property (Doc. 1, pp. 18-19).  Officer Greene states that he seized this property from Plaintiff's residence because "Hoffman was charged with participation in an illegal cannabis growing operation[, and] during the execution of a search warrant . . . had the aforementioned items in his residence, with no valid source of income to acquire said items" (Doc. 1, p. 19).  An Illinois State Police Notice and Inventory of Seized Property, signed by the State's Attorney on May 3, 2014, also lists the televisions and PlayStation 3 (Doc. 1, pp. 11, 25, 32).

In addition, the documentation includes a letter from Sergeant Kochan at the Wood River Police Department dated June 23, 2014, to Plaintiff's deceased father at 410 N. Main Street in Earlville, Illinois (Doc. 1, pp. 11, 21, 24).  The letter indicates that Plaintiff's father is the title holder and lien holder of the vehicle and notifies him that the vehicle was towed on March 11, 2014.  The letter sets forth instructions for reclaiming the vehicle from Trickey's Services, Inc. and warns the owner that failure to take possession of the vehicle within ten days will result in its disposal (Doc. 1, p. 21).  In addition, the documentation includes a Certificate of Purchase for the vehicle and a Junking Certificate, both in the name of Trickey's Services, Inc. and dated July 8, 2014 (Doc. 1, pp. 22, 26).

Plaintiff now claims that Defendants Wood River Police Department, Otis Steward (Chief of Police), Brady Greene (Narcotics Detective), J. Timmins (officer), Sabolo (sergeant),

and Kochan (sergeant), while acting in their individual and official capacities, violated his rights under the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments when executing the search warrant at his residence on March 11, 2014 (Doc. 1, pp. 13).  He claims that these individuals also violated his right to equal protection and due process of law in the forfeiture proceedings that were conducted pursuant to the Drug Asset Forfeiture Procedure Act and resulted in the disposal of the motor vehicle.  Plaintiff seeks $2.5 million in monetary damages and preservation of all confiscated property pending the outcome of his criminal case (Doc. 1, pp. 15-16).

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into seven counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **Defendants conducted an unlawful search of Plaintiff's residence while he was not present on March 11, 2014, in violation of the Fourth Amendment;**
>
> **Count 2:** **Defendants unlawfully seized personal property from Plaintiff's residence on March 11, 2014, in violation of the Fourth Amendment;**
>
> **Count 3:** **Defendants conducted an unlawful search of the Lincoln Town Car that was parked on a public street on March 11, 2014, in violation of the Fourth Amendment;**
>
> **Count 4:** **Defendants wrongfully seized the 1994 Lincoln Town Car and its contents on March 11, 2014, in violation of the Fourth Amendment;**
>
> **Count 5:** **Defendants failed to provide Plaintiff with proper notice of the seizure and forfeiture of the property, in violation of his due process rights under the Fourteenth Amendment;**

>    **Count 6:**    **Defendants violated Plaintiff's right to equal protection of the law in conjunction with the search and seizure that occurred on March 11, 2014; and**
>
>    **Count 7:**    **Defendants violated Plaintiff's First, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights in connection with the search and seizure that occurred on March 11, 2014**.

As discussed in more detail below, the Court shall dismiss **Counts 1, 2, 6** and **7** without prejudice for failure to state a claim upon which relief may be granted. **Counts 3, 4,** and **5** shall receive further review.

### Discussion

Although the complaint does not mention the Fourth Amendment, most of Plaintiff's claims take root there (**Counts 1-4**).[1] The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." U.S. CONST. amend IV. To prevail on a claim for an unlawful search or seizure under the Fourth Amendment, the standard is reasonableness, not whether the officers conducting the search had a warrant. *Soldal v. Cook County*, 506 U.S. 56, 70 (1992).

In the complaint, Plaintiff contends that the search warrant was improperly executed at his residence because he was not there at the time of the search (**Count 1**), calling into question the seizure of his personal property from the residence (**Count 2**). *See Guzman v. City of Chicago*, 565 F.3d 393, 397 (7th Cir. 2009) (explaining that a warrant that is properly issued

---

[1] The fact that the complaint omits reference to the Fourth Amendment is not fatal to Plaintiff's claims. The Seventh Circuit has made it clear that "there is no duty to plead legal theories." *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *Aaron v. Mahl*, 550 F.3d 659, 666 (7th Cir. 2008)). Where the complaint includes sufficient allegations to put the Court and Defendants on notice of the claims, Plaintiff shall be allowed to proceed.

must also be properly executed). He further argues that the search warrant did not authorize a search of his deceased father's Lincoln Town Car because it was parked in a public street and was not within the scope of the search warrant (**Count 3**), calling into question the seizure of the vehicle and its contents (**Count 4**). *See Horton v. California*, 496 U.S. 128, 140 (1990) (stating that if the scope of the search exceeds that permitted by the terms of a validly issued warrant, the search is unconstitutional).

## Counts 1 & 2 - Search and Seizure at Residence

**Counts 1** and **2** fail to satisfy basic pleading standards. Plaintiff challenges the reasonableness of the search and seizure at his residence, based only on the fact that he was not at home when the warrant was executed. He does not challenge the warrant itself as being deficient on its face or unsupported by probable cause. Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but "naked assertions" that lack "further factual enhancement" fail to satisfy minimal pleading standards. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Simply alleging that a constitutional violation occurred because the search warrant was executed outside of Plaintiff's presence is not enough to "nudge" Plaintiff's claims "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

Counts 1 and 2 also fail in substance. While it is true that a person possesses a legitimate expectation of privacy in his home, *Minnesota v. Carter*, 535 U.S. 83, 89 (1998), Plaintiff's absence during the search, without more, does not render the search unreasonable. Law enforcement officials routinely execute search warrants when the subject of the warrant is not

present. When executing a search warrant at a home, officers typically knock and announce their presence, giving a property owner the opportunity to answer before entering the home. *See Wilson v. Arkansas*, 514 U.S. 927 (1995). But officers are not required to leave if no one answers. Under certain circumstances officers may enter a home without knocking or announcing their presence. *See Hudson v. Michigan*, 547 U.S. 586, 589 (2006). This is particularly true in the context of drug-related crimes, where any delay in entry could result in the destruction of evidence. *Id.* Plaintiff's absence, without more, does not sustain a Fourth Amendment claim. And this is the only factual allegation Plaintiff offers in support of Count 1, and by implication, Count 2. Without more, **Counts 1** and **2** do not survive preliminary review and shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Counts 3 & 4 – Search & Seizure of Vehicle

**Counts 3** and **4** may proceed at this early stage. Both claims arise from the unlawful search and seizure of a 1994 Lincoln Town Car, which Plaintiff allegedly inherited from his father (Doc. 1, p. 13). Defendants searched this vehicle at the same time that they executed the search warrant at Plaintiff's residence. The vehicle was parked on a public street, however, and the warrant did not mention it. Plaintiff contends that Defendants' actions exceeded the permissible scope of the search warrant, in violation of his Fourth Amendment rights.

The standard for analyzing whether a seizure survives constitutional scrutiny is reasonableness, and a seizure can be reasonable even if it is completed without a warrant. *Soldal*, 506 U.S. at 70. The Fourth Amendment is not violated if the officers had probable cause to believe that there were grounds to seize the Lincoln Town Car. *See Florida v. White*, 526 U.S. 559 (1999) (holding that Fourth Amendment did not require police to obtain a warrant before

seizing automobile from public place when they had probable cause to believe that it was forfeitable contraband). The complaint suggests, however, that officers may not have had probable cause to search (or seize) the vehicle. At this early stage, the unlawful seizure claim, along with the unlawful search claim, shall receive further review.

The Court notes that Fourth Amendment claims for damages for an unlawful search and seizure may be brought during the pendency of an underlying criminal case. A claim asserting a Fourth Amendment violation "necessarily 'accrues' at the time of the unlawful search and seizure, rather than at the conclusion of any criminal proceedings." *See Copus v. City of Edgerton*, 151 F.3d 646, 649 (7th Cir. 1998) (citing *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998)). Thus, Fourth Amendment claims for an illegal search "may be brought immediately," and a defendant need not wait until criminal proceedings have concluded to bring a civil rights action. *Id.* Such claims also are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because adjudication of the civil rights claims does not *necessarily* imply the invalidity of an underlying conviction. *Id.* (stating that "it is possible for an individual to be properly convicted though he is unlawfully arrested, or his home unlawfully searched"). The remedy in these types of situations is a civil rights action brought pursuant to Section 1983. Although the Court takes no position regarding the ultimate merits of these claims, Plaintiff may proceed with **Counts 3** and **4** against each individual who was personally involved in the search and seizure of the vehicle, i.e., Defendants Steward, Greene, Timmins, Sabolo, and Kochan.

### Count 5 – Due Process

The allegations in the complaint give rise to a number of Fourteenth Amendment due process claims (**Count 5**). Plaintiff maintains that Defendants failed to: (1) provide him with proper notice that his property was seized in the first instance; (2) provide him with notice of his

remedies and the factual information necessary to invoke the remedies under Illinois law; (3) provide him with a timely opportunity to contest the lawfulness of the seizure; and (4) implement a procedure for holding and reclaiming the seized property. Only the second due process argument fails to pass muster at this early stage.

Plaintiff shall be allowed to proceed with his first argument, i.e., that officials failed to provide him with proper notice that the property was seized in the first instance. The Supreme Court has held that "when law enforcement agents seize property pursuant to a warrant, due process requires them to take reasonable steps to give notice that the property has been taken so the owner can pursue available remedies for its return." *City of West Covina v. Perkins*, 525 U.S. 234, 240-41 (1999). The complaint suggests that Plaintiff did not receive any notice at all, in violation of his right to due process of law.

But Plaintiff cannot proceed with his second argument, i.e., that officials failed to provide him with notice of his remedies and the factual information necessary to invoke the remedies under Illinois law. Individualized notice of state law remedies are "established by published, generally available state statutes and case law." *See id.* at 240. Upon learning that his property has been seized, a property owner can look to those sources for guidance on the remedial procedures that are available to him. Defendants were not required to take any steps to inform Plaintiff of his options. *Id*. at 241 (citation omitted). For this reason, this claim fails, and it shall be dismissed without prejudice.

Plaintiff shall be allowed to proceed with his argument that he was not provided with timely notice or any opportunity to dispute the seizure of his property before some of it (i.e., the vehicle) was forfeited. *See Alvarez v. Smith*, 558 U.S. 87 (2009). *But see Jones v. Takaki*, 38 F.3d 321, 324 (1994) (citing *United States v. Von Neumann*, 474 U.S. 242, 249 (1986)).

According to the complaint, Plaintiff's due process rights under the Illinois Drug Asset Forfeiture Procedure Act, 725 ILL. COMP. STAT. § 150/1, *et seq.*, were violated.

Finally, Plaintiff shall be allowed to proceed with his challenge to the available remedies for the return of seized property. *See, e.g., Gates v. City of Chicago*, 623 F.3d 389, 397-98 (7th Cir. 2010). He maintains that inadequate procedures are in place for the storage and return of seized property. The complaint suggests that Plaintiff's Lincoln Town Car was sold and junked as a result of the inadequate procedures. This argument shall receive further review.

With the exception of the second due process argument listed above, which shall be dismissed without prejudice, **Count 5** shall be allowed to proceed against Defendants Steward, Greene, Timmins, Sabolo, Kochan, and the Wood River Police Department.

### Counts 6 & 7 – First, Fifth, Eighth, Thirteenth, and Fourteenth Amendment Claims

The complaint generally alleges that Plaintiff is entitled to relief for violations of his right to equal protection of the law (**Count 6**) and his rights under the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments (collectively, **Count 7**). The complaint sets forth no facts in support of the alleged constitutional violations, beyond those violations address above. These claims, like the claims set forth in Counts 1 and 2, must be dismissed for failure to satisfy basic pleadings standards under Rule 8 and *Twombly*. Plaintiff simply did not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007). Without more, **Counts 6** and **7** fail to state a claim upon which relief may be granted, and they shall be dismissed without prejudice.

### Official Capacity Claims

With the exception of Count 5, all official capacity claims shall be dismissed without prejudice from this action. Under *Monell v. City Dept. of Social Servs., New York*, 436 U.S. 658,

691 (1978), local governing bodies can be sued directly under Section 1983 for monetary, declaratory, and injunctive relief in situations where the unconstitutional conduct flows from an official policy, custom, or practice. This is referred to as *Monell* liability. And because claims against municipal employees in their official capacities are treated as suits against the municipality itself, *Kentucky v. Graham*, 473 U.S. 159 165-66 (1985), *Monell* is equally applicable to official capacity claims against the Wood River Police Department employees.

The complaint challenges the procedures in place for the storage and return of seized property, and Plaintiff seeks the return of his property following the completion of his criminal proceedings. But no other policies, practices, or customs are challenged. For this reason, Plaintiff shall be allowed to proceed with his official capacity due process claims (**Count 5**) against Defendants, but all other official capacity claims shall be dismissed.

### Pending Motions

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be referred to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

Plaintiff has filed a motion for service of process at government expense (Doc. 4), which is hereby **GRANTED**.

Finally, Plaintiff has filed a request for copies of his Section 1983 complaint. As a general rule, the District Clerk will mail paper copies of any document only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper. The complaint consists of thirty-three (33) pages.

Should Plaintiff wish to purchase a copy of it, he must submit a request for the complaint in writing to the Clerk of Court, along with the required prepayment of $16.50.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1, 2, 6,** and **7** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that as to **COUNTS 3, 4,** and **5,** the Clerk of Court shall prepare for Defendants **WOOD RIVER, IL POLICE DEPARTMENT, STEWARD, GREENE, TIMMINS, SABOLO,** and **KOCHAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  May 7, 2015**

                                                  *[signature]*
                                          **NANCY J. ROSENSTENGEL**
                                          **United States District Judge**